

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

United States Courts
Southern District of Texas
F I L E D

MAY 1 5 2026

Nathan Ochsner, Clerk of Court

| | | |
|---|---|---|
| ANDREW J. MITCHELL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. |
| | § | 3:26-cv-00126 |
| YES CAPITAL GROUP LLC, et al., | § | |
| | § | |
| Defendants. | § | |

### PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL
### PURSUANT TO 28 U.S.C. § 1915(e)(1)

Plaintiff Andrew J. Mitchell, appearing pro se, respectfully moves this Court under 28 U.S.C. § 1915(e)(1) for the appointment of counsel to represent him in this action. In support, Plaintiff states as follows:

## I. INTRODUCTION

Plaintiff is an incarcerated pro se litigant prosecuting a complex civil action involving claims under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961–1968, the federal wire fraud statute, 18 U.S.C. § 1343, and Texas common law against a New York merchant-cash-advance funder and its Senior Funding Manager sued individually — each of which is or will be represented by experienced counsel. The Magistrate Judge has recommended conditional dismissal on standing grounds (Dkt. 10), an issue on which Plaintiff is concurrently filing Objections under Federal Rule of Civil Procedure 72(b). The exceptional circumstances of this case — the legal complexity of the issues, Plaintiff's incarceration, his inability to investigate or interview witnesses, the document-intensive nature of the proof, and his repeatedly unsuccessful good-faith efforts to retain private counsel — together justify the appointment of counsel under § 1915(e)(1).

## II. LEGAL STANDARD

Under 28 U.S.C. § 1915(e)(1), a federal court "may request an attorney to represent any person unable to afford counsel." In civil cases, appointment of counsel is reserved for "exceptional

circumstances." *Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982); *Cupit v. Jones*, 835 F.2d 82, 86 (5th Cir. 1987). The Fifth Circuit considers four non-exclusive factors: (1) the type and complexity of the case; (2) the plaintiff's ability to present his case; (3) the plaintiff's ability to investigate the case adequately; and (4) the existence of evidence that will largely consist of conflicting testimony so as to require skill in cross-examination. *Ulmer*, 691 F.2d at 213; *Parker v. Carpenter*, 978 F.2d 190, 193 (5th Cir. 1992). Where pro bono efforts have failed, this Court may exercise its inherent power to appoint counsel. *Naranjo v. Thompson*, 809 F.3d 793, 803 (5th Cir. 2015).

### III. ARGUMENT

#### A. The Type and Complexity of the Case Strongly Favors Appointment.

This action involves federal civil RICO claims under 18 U.S.C. § 1962(c) and (d), which the Fifth Circuit has described as "notoriously complex." *Tel-Phonic Servs., Inc. v. TBS Int'l, Inc.*, 975 F.2d 1134, 1137 (5th Cir. 1992). The RICO claims rest on the re-characterization of a New York-law merchant cash advance as a usurious loan under decisions such as *Davis v. Richmond Capital Grp. LLC*, 209 A.D.3d 480 (1st Dep't 2022), *Adar Bays, LLC v. GeneSYS ID, Inc.*, 37 N.Y.3d 320 (2021), and *Fleetwood Servs., LLC v. Ram Capital Funding LLC*, 2022 WL 1997207 (S.D.N.Y. June 6, 2022). The claims further implicate Texas common-law fraud and fraudulent-inducement doctrine, the law of agency and undisclosed principalship, the contract-formation effects of post-Agreement payoff offers, Article 9 of the Uniform Commercial Code and the law of UCC-1 termination, the procedural law of standing for natural-person principals on contracts executed by their agents, and the law of attorney liability for participation in a wire-fraud scheme. The proof will require analysis of bank ledgers, Adobe Sign audit-trail metadata, ACH and wire records, the Yes Capital underwriting file, and internal communications between Defendant Yes Capital and Defendant Mosseri. The legal and factual complexity here substantially exceeds that of typical pro se prisoner litigation. The first *Ulmer* factor strongly favors appointment.

#### B. Plaintiff's Ability to Present His Case Is Materially Limited by Incarceration.

Plaintiff is incarcerated at Jackson Parish Jail in Jonesboro, Louisiana. He has no in-person access to a law library adequate for federal civil RICO research, no direct internet access for legal research or PACER, no ability to use electronic discovery tools, no immediate access to his pre-incarceration business records, no ability to depose witnesses or take their statements in person, and no practical ability to appear in person for hearings, conferences, or trial in

Galveston, Texas. His communications with counsel, family, and witnesses are mediated by prison mail and monitored telephone calls. While Plaintiff has, with the assistance of his father, prepared his prior filings competently, the scale of the document review and the procedural complexity of the next phase of this litigation are likely to exceed what is reasonably possible from confinement. The second *Ulmer* factor strongly favors appointment.

## C. Plaintiff's Ability to Investigate Is Materially Limited.

Investigation of the merchant-cash-advance and payoff-fraud scheme alleged in this action requires the review of multiple loan documents in Defendants' exclusive possession, Adobe Sign audit-trail and electronic-signature platform records, UCC-1 and UCC-3 filings with the Texas Secretary of State and any other relevant jurisdiction, ACH and wire records held by third-party financial institutions including JPMorgan Chase, Capital One, Wells Fargo, and Signature Bank, and internal communications among Defendant Yes Capital, Defendant Mosseri, and the John Doe co-conspirators. None of this is realistically available to Plaintiff from inside a Louisiana jail. The third *Ulmer* factor strongly favors appointment.

## D. The Evidence Will Turn on Conflicting Testimony Requiring Skill in Cross-Examination.

Defendants will dispute, among other things, (a) whether the February 1, 2022 Future Receivables Agreement was a true sale of receivables or a disguised loan; (b) whether Plaintiff was the disclosed principal behind his son and signatory Kade A. Mitchell at the time of execution; (c) whether Defendants' own course of dealing — in particular Defendant Mosseri's August 15, 2022 email addressed personally to "Drew" — establishes Defendants' own recognition of Plaintiff as the personal real party in interest; (d) whether Defendants' written August 23, 2022 promise of UCC release was made with present intent not to perform; and (e) the corporate structure and interrelationships among Defendant Yes Capital, Defendant Mosseri, and the John Doe co-conspirators. Each of these issues will require examination and cross-examination of witnesses — work that Plaintiff cannot perform from confinement. The fourth *Ulmer* factor strongly favors appointment.

## IV. PLAINTIFF'S DILIGENT EFFORTS TO RETAIN COUNSEL

Through his parents Ronald C. Anderson and Maggie Anderson, Plaintiff has solicited representation from seven law firms with relevant practice areas. The status of that outreach as of the filing of this Motion is as follows:

1. **MacArthur Justice Center** (Emily Washington) — representation declined.

2. **William Most Law Firm** — representation declined.

3. **Lanier Law Firm** — representation declined.

4. **The Buzbee Law Firm** — representation declined.

5. **Susman Godfrey LLP** (Neal Manne) — response pending; follow-up scheduled.

6. **Morgan & Morgan** — response pending.

7. **Nix Patterson LLP** — response pending.

Documentation of the outreach communications and the responses received is maintained by Plaintiff's parents at mitchelllitigation@gmail.com and is available to the Court upon request. The four declinations represent firms whose practice areas align directly with the claims in this matter, and the absence of acceptance after diligent solicitation supports the *Naranjo* requirement that pro bono efforts have failed before the Court considers its inherent-power authority. *Naranjo*, 809 F.3d at 803.

## V.  CONCLUSION AND PRAYER FOR RELIEF

For the foregoing reasons, Plaintiff respectfully requests that this Court enter an order:

(a) appointing counsel to represent Plaintiff in this action pursuant to 28 U.S.C. § 1915(e)(1); or, in the alternative,

(b) denying this Motion without prejudice and with leave to renew following resolution of any motion to dismiss; and

(c) granting such other and further relief as the Court deems just and proper.

Respectfully submitted,

Andrew J. Mitchell
Plaintiff, pro se
LA DOC # 782047
Jackson Parish Jail
1828 Gansville Road

Jonesboro, LA 71251

## CERTIFICATE OF SERVICE

I hereby certify that on the date set forth below, a true and correct copy of the foregoing Motion for Appointment of Counsel was placed in the prison mail system at Jackson Parish Jail, postage prepaid, addressed to the Clerk of Court, United States District Court, Southern District of Texas, Galveston Division, for filing and service through the Court's CM/ECF system on all counsel of record.

Dated: May 11, 2026

**Andrew J. Mitchell**