

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

United States Courts
Southern District of Texas
F I L E D

MAY 1 5 2026

Nathan Ochsner, Clerk of Court

|  |  |  |
|---|---|---|
| ANDREW J. MITCHELL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. |
| | § | 3:26-cv-00126 |
| YES CAPITAL GROUP LLC, et al., | § | |
| | § | |
| Defendants. | | |

**PLAINTIFF'S MOTION TO STAY THE CONDITIONAL DISMISSAL
DEADLINE AND ALL PROCEEDINGS PENDING RULING ON
THE OBJECTION AND THE MOTION FOR APPOINTMENT OF COUNSEL**

Plaintiff Andrew J. Mitchell, appearing pro se, respectfully moves this Court to stay the thirty-day conditional dismissal deadline set by the Magistrate Judge's Memorandum and Recommendation (Dkt. 10) and all proceedings in this action pending the Court's ruling on Plaintiff's concurrently-filed Objection to the Memorandum and Recommendation and Motion for Appointment of Counsel. In support, Plaintiff states as follows:

## I. INTRODUCTION

On May 4, 2026, the Magistrate Judge issued a Memorandum and Recommendation (Dkt. 10) recommending conditional dismissal of this action within thirty days unless Plaintiff appears through licensed counsel. Plaintiff has concurrently filed (a) Objections to that Memorandum and Recommendation under Federal Rule of Civil Procedure 72(b), and (b) a Motion for Appointment of Counsel under 28 U.S.C. § 1915(e)(1). The thirty-day cure window is mechanically incompatible with the time required for full *de novo* review of the Objections and orderly disposition of the appointment motion. A stay is necessary to preserve Plaintiff's rights and prevent the cure window from running before this Court can act.

## II. LEGAL STANDARD

"The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and

for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936). District courts have broad discretion to enter stays in the interests of judicial economy and to manage the orderly resolution of pending motions. *Clinton v. Jones*, 520 U.S. 681, 706 (1997).

Courts in the Fifth Circuit consider four factors when evaluating a stay request: (1) hardship and inequity to the movant if the stay is denied; (2) prejudice to the non-moving party if the stay is granted; (3) judicial economy; and (4) the public interest. *Wedgeworth v. Fibreboard Corp.*, 706 F.2d 541, 545 (5th Cir. 1983). Each factor favors a stay here.

## III.  A STAY IS NECESSARY AND APPROPRIATE

### A.  The Thirty-Day Cure Window Is Mechanically Incompatible With the Pendency of Plaintiff's Objection and Appointment Motion.

The Memorandum and Recommendation's thirty-day cure window begins to run upon adoption. If this Court takes the time required for full *de novo* review of the Objections — as Federal Rule of Civil Procedure 72(b)(3) and 28 U.S.C. § 636(b)(1)(C) require — the cure window may begin running before, or simultaneously with, this Court's ruling on the Objections themselves. That sequencing is procedurally untenable: Plaintiff cannot reasonably be required to retain counsel to cure a defect that may be rejected on *de novo* review.

The same problem applies to the Motion for Appointment of Counsel. The Court has been asked, under § 1915(e)(1), to assist Plaintiff in obtaining the very counsel the Memorandum and Recommendation requires. The pro bono referral process realistically requires more than thirty days. If the cure deadline runs while the appointment process is in progress, the appointment relief is rendered moot before it can be effected.

### B.  Plaintiff Will Suffer Substantial Hardship Absent a Stay.

Without a stay, Plaintiff is forced to expend limited pro se resources defending against an imminent dismissal deadline while simultaneously litigating Objections that, if sustained, would render that deadline moot. Plaintiff is incarcerated, indigent, and managing related litigation in multiple federal courts, including a federal criminal appellate brief due May 15, 2026 in the Eleventh Circuit, parallel objection proceedings in approximately twelve other matters before this Court, and a federal civil rights action in the Eastern District of Louisiana. The structural prejudice of forcing parallel cure-window compliance and merits litigation falls entirely on the pro se Plaintiff.

### C.  Defendants Will Suffer No Cognizable Prejudice From a Brief Stay.

Defendants have not yet been served and have not yet appeared in this action. The Memorandum and Recommendation was issued *sua sponte* on initial screening, not on motion of any party. No discovery is pending. No trial date has been set. No scheduling order has been entered. A stay pending resolution of the Objection and the Appointment Motion will not delay any deadline of any party, because no party other than Plaintiff is presently before the Court.

**D. Judicial Economy and the Public Interest Favor a Stay.**

Allowing the conditional dismissal window to run before the District Court rules on the Objections invites the entry of dismissal orders that may immediately be vacated upon *de novo* review — a wasteful and disorderly outcome. A stay permits the Court to address the Objections and the Appointment Motion in the regular course, ruling once on a complete record rather than entering interim orders that may be undone. The public interest in the orderly administration of justice, in the protection of indigent pro se litigants' access to the courts, and in the efficient use of judicial resources is best served by a stay.

**IV. CONCLUSION AND PRAYER FOR RELIEF**

For the foregoing reasons, Plaintiff respectfully requests that this Court enter an order:

(a) staying the thirty-day conditional dismissal deadline set forth in the Memorandum and Recommendation (Dkt. 10);

(b) staying all proceedings in this action pending the Court's ruling on Plaintiff's Objection to the Memorandum and Recommendation and Motion for Appointment of Counsel; and

(c) granting such other and further relief as the Court deems just and proper.

Respectfully submitted,

Andrew J. Mitchell
Plaintiff, pro se
LA DOC # 782047
Jackson Parish Jail
1828 Gansville Road
Jonesboro, LA 71251

## CERTIFICATE OF SERVICE

I hereby certify that on the date set forth below, a true and correct copy of the foregoing Motion to Stay was placed in the prison mail system at Jackson Parish Jail, postage prepaid, addressed to the Clerk of Court, United States District Court, Southern District of Texas, Galveston Division, for filing and service through the Court's CM/ECF system on all counsel of record.

Dated: May 11, 2026

_____

Andrew J. Mitchell