IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| ANDREW J. MITCHELL.,<br>Plaintiff,<br>v.<br>YES CAPITAL GROUP LLC and MAURICE MOSSERI,<br>Defendants. | NO. 3:26-cv-00126<br>DEFENDANTS' MOTION TO DISMISS |

## I. INTRODUCTION

Defendants YES CAPITAL GROUP LLC ("YES") and MAURICE MOSSERI ("Mosseri") (collectively "defendants") hereby move and respectfully request that the Court pursuant to Fed. R. Civ. P. 12(b)(2) dismiss this action as to each defendant on the grounds that plaintiff lacks standing and is not the real party in interest herein. The contract plaintiff claims was breached was between defendant YES and Mitchell Adjusting International LLC, and all purported damages or causes of action arising from said breach belong to the company, not the plaintiff. A member of a company cannot recover damages personally for a wrong done to the company, even if he may be injured by that wrong.

Alternatively, defendant Mosseri respectfully requests and moves for dismissal for lack of personal jurisdiction. Dismissal is appropriate because Mosseri, individually, does not possess

the minimum contacts with the State of Texas necessary to satisfy the Due Process Clause of the Fourteenth Amendment or Texas' long arm statute.

## II. STATEMENT OF FACTS

YES is a limited liability company engaged in the purchase of business accounts receivables. (Declaration of Maurice Mosseri ("Mosseri Decl."), ¶ 2.) Mr. Mosseri was an employee of YES during the events mentioned in plaintiff's complaint and was the primary point of contact on behalf of YES. (Mosseri Decl., ¶3). Mr. Mosseri has never resided in Texas, has never even visited the State of Texas and did not travel to Texas for purposes of negotiating the Agreement. (Mosseri Decl., ¶ 4). Mr. Mosseri has never filed or otherwise paid taxes in Texas, nor did he possess any license issued by the State of Texas. (Mosseri Decl., ¶ 5-6). Mosseri does not own any real property in Texas nor is he registered to do business, or have a registered agent for service of process, in Texas (Mosseri Decl., ¶ 7-8). Mr. Mosseri does not possess or maintain any office in the State of Texas and all phone calls and emails relating to the negotiation and execution of the agreement (see below) were made exclusively in his capacity as an employee of YES (Mosseri Decl., ¶ 3, 9).

On February 1, 2022, defendant YES and Mitchell Adjusting International LLC (the "Company") entered into a Future Receivables Agreement ("Agreement") wherein defendant YES purchased $280,000.00 of the Company's future account receivables to be generated in the course of its business (Exhibit "A" to plaintiff's complaint Dkt. No. 1-1)[1]. Thereafter, in accordance with the Agreement, withdrawals of funds from the designated bank account of the Company were made towards repayment for the future receivables. (Exhibit "C" to plaintiff's complaint Dkt. No. 1-3). A final payment in settlement of the Company's obligations was made by the Company on approximately August 31, 2022, in the sum of $70,000.00, allegedly with defendant YES to provide a UCC-3 termination statement as against the Company. (Amended Complaint Dkt. No. 17, ¶12).

[1] An addendum to the Agreement lists a Kade A. Mitchell as a "principal owner" of the Company which belies plaintiff Andrew Mitchell's allegations that he is the sole member of the Company.

The initial complaint dated April 17, 2026 (Dkt. No. 1) brought on behalf of the Company ("individually and d/b/a the Company") alleged that the Company was damaged as a result of defendant YES's failure to file a UCC-3 terminating the financing statement filed against the Company, that defendants failed to perform the required bank reconciliations on the Company bank account as it relates to the repayments made in accordance with the Agreement made with the Company, and in failing to do so, breached the Agreement and violated federal RICO laws.[2] (*See* Complaint, Dkt. No. 1). After this Court, *sua sponte*, issued a conditional dismissal unless counsel was retained to represent the Company (Dkt. No. 16), plaintiff filed an amended complaint alleging the identical facts set forth in the complaint and seeking the identical relief, but in his personal capacity (Dkt. No. 17).

## III. ISSUES PRESENTED

Question: Whether the Court should dismiss plaintiff's claims sounding in breach of contract when the claims are asserted by an individual, but the claims arise out of an Agreement made by a Company?

Answer: Yes. Plaintiff lacks standing and is not the real party in interest herein. A member of a company cannot recover damages personally for a wrong done to the company, even if he may be injured by that wrong.

Question: Whether the Court should dismiss Mr. Mosseri from this matter when the Court has neither general nor specific jurisdiction over him because said defendant lacks the requisite minimum contacts with the State of Texas?

Answer: Yes.

## IV. EVIDENCE RELIED UPON AND REVIEW STANDARD

Defendants rely upon the declaration of defendant Mosseri and the pleadings and records filed herein. The question in a Rule 12(b)(6) motion is whether the complaint states a valid claim when all facts are assumed true and are viewed in the light most favorable to the plaintiff. *Lone*

---

[2] Defendants deny any wrongdoing or violation of law notwithstanding such denial is immaterial to the relief sought herein.

*Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). The Court cannot, however, "accept as true conclusory allegations or unwarranted deductions of fact." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).

## V. LAW AND ARGUMENT

### A. Plaintiff lacks standing to prosecute a company claim individually.

The "real party in interest" is the person, who under governing law, is in possession of the substantive legal right or interest to be enforced in the litigation. FED. R. CIV. P. 17(a) ("Every action shall be prosecuted in the name of the real party in interest."). A corporate stockholder cannot recover damages personally for a wrong done solely to the corporation, even though he may be injured by that wrong. *Wingate v. Hajdik*, 795 S.W.2d 717, 719 (Tex.1990).

Notwithstanding the fact that plaintiff's contention that he is the sole member of the Company is belied by the Agreement he attached to his original complaint (specifically the addendum to said Agreement), assuming all facts are viewed in a light most favorable to the plaintiff, this Court should dismiss plaintiff's claims, as all business was done in the name of the Company and all alleged damages were incurred by the Company. The Agreement plaintiff claims was breached was executed by Mitchell Adjusting International LLC. The bank accounts used to both fund the payment of future receivables and the repayment of same were from bank accounts maintained by Mitchell Adjusting International LLC, and as such all damages sustained were incurred by Mitchell Adjusting International LLC and not the individual plaintiff. Any damages incurred because of a failure to file a UCC-3 termination statement releasing the lien against the Company would be sustained, and recoverable, by Mitchell Adjusting International LLC.

In *Thomas v. N.A. Chase Manhattan Bank*, 994 F.2d 236, 243 (5th Cir. 1993), the court faced a similar fact pattern wherein a plaintiff sued in his individually capacity in connection with a contract signed by a corporation in which plaintiff was a shareholder. The court held that plaintiff is barred from pursuing any legal rights his corporation had against defendant, because those

rights belong to the corporation, not its shareholders. "Generally, corporations have an existence separate and distinct from that of their shareholders ... and an individual shareholder cannot secure a personal recovery for an alleged wrong done to a corporation ...". Furthermore, " [t]he fact that an individual closely affiliated with a corporation (for example, a principal shareholder, or even a sole shareholder), is incidentally injured by an injury to the corporation does not confer on the injured individual standing to sue on the basis of either that indirect injury or the direct injury to the corporation ...". *Id*.

Such is the case herein. Plaintiff's allegations of breach of contract, conversion and RICO violations belong to the Company which plaintiff claims he is a member of. Plaintiff's initial complaint was in fact brought in the name of his Company but plaintiff elected to "amend" the complaint to change the plaintiff to himself as an individual so as to avoid this Court's Order to retain counsel for the Company. Plaintiff cannot re-allocate the damages allegedly sustained by the Company to himself to avoid retaining counsel.

Thus, the Court should dismiss plaintiff's claims for lack of standing because plaintiff is not the real party in interest nor can causes of action belonging to a company be brough by an individual.

**B. The Court should dismiss nonresident defendant Mosseri for lack of personal jurisdiction.**

**1. Personal Jurisdiction in Texas.**

A court may not hear a case against a defendant without personal jurisdiction. Fed. R. Civ. P. 12(b)(2); *Daimler AG v. Bauman,* 571 U.S. 117, 127-28 (2014). To determine whether it has jurisdiction over a defendant, a federal court applies the law of the state in which it sits. *See Daimler AG*, 571 U.S. at 125 (citing Fed. R. Civ. P. 4(k)(1)(A)).

To establish personal jurisdiction over a nonresident defendant, the requirements of both the forum state's long-arm statute and the due process clause of the Fourteenth Amendment must be satisfied. Fed. R. Civ. P. 4(k)(1); Therefore, the only issue is whether the requirements of the due process clause are met.

Due process requires that a nonresident defendant have at least "minimum contacts" with the State of Texas such that the exercise of jurisdiction "does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 316 (1945). The minimum contacts test is generally not a "mechanical or quantitative" test, but rather, is based "upon the quality and nature of the activity." *Id*.

Accepting as true the jurisdiction facts pleaded by plaintiff, he is unable to establish that the Court has either general or specific personal jurisdiction over Mr. Mosseri. This Court should dismiss Mr. Mosseri from this matter as their ongoing presence in this litigation violates both the Due Process Clause of the Fourteenth Amendment.

**2. The Court Does Not Possess General Jurisdiction Over Mr. Mosseri**

Plaintiff cannot establish that the Court has general personal jurisdiction over Mosseri. General personal jurisdiction requires the defendant to have contacts with the forum state that are "so continuous and systematic as to render them essentially at home in the forum State." *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014). The declaration of Mr. Mosseri establish that he is neither a Texas resident nor have no other alleged or unalleged "continuous and systematic" contacts. Because the Complaint does not allege otherwise as it relates to contact with the State of Texas, the Mosseri declaration is uncontroverted for purposes of this motion and Plaintiff is unable to establish general jurisdiction over either.

**3. The Court Does Not Possess Specific Jurisdiction Over Mr. Mosseri.**

Plaintiff cannot establish that the Court has specific personal jurisdiction over Mr. Mosseri. In the Fifth Circuit, specific personal jurisdiction requires that the plaintiff must initially show that the defendant has established minimum contacts with the forum state and must then show that the assertion of jurisdiction comports with fair play and substantial justice. *Schlobohm v. Schapiro*, 784 S.W.2d 355 (Tex. 1990).

The formation of a contract with a nonresident defendant is not, standing alone, sufficient to create jurisdiction. *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 478 (1985). Here, plaintiff

is unable to establish that Mr. Mosseri has any contact with the State of Texas. Plaintiff's only allegation is that a contract was executed between co-defendant YES and someone other than plaintiff. Mr. Mosseri has never set foot in Texas. Mr. Mosseri does not file or otherwise pay taxes in this State, does not possess any license issued by the state, nor owns any property in the state. He is not registered to do business, or have a registered agent for service of process, in Texas. All phone calls and emails relating to the negotiation and execution of the Agreement done by Mr. Mosseri were made exclusively in his capacity as employee of YES and thus, was not in his individual capacity.[3]

The distinction between the conduct of a corporation and its employees was highlighted in *Epco Holdings, Inc. v. Enserca, LLC*, CIV.A. H-10-0726, 2010 WL 2472204 (S.D. Tex. June 16, 2010). *Epco Holdings* involved a breach of contract claim between Epco Holdings and Enserca. An employee of Enserca travelled to Texas once "to review the progress of the manufacturer of materials sold by Enserca to EPCO" and had "occasional telephone calls and emails with EPCO." *Id* at 3. The court held that it had no specific personal jurisdiction over a defendant whose contacts with Texas were made only in the context of his employment with Enserca. *Id.* The court reasoned that "[e]mployees' contacts with a jurisdiction are not to be judged according to their employer's activities there, as '[e]ach defendant's contacts must be assessed individually.'" *Id.* (citing *Calder v. Jones,* 465 U.S. 783, 790 (1984)).

The present case presents the same fundamental issue as *Epco Holdings*, where an employer contacts and avails itself of the laws of a state through the actions of an employee acting within the scope of their employment. The *Epco Holdings* court correctly identified that a defendant's contacts must be evaluated *individually*, as acts taken on behalf of the employer avail *the employer* of the benefits and protections of the laws of the state in question. In fact, Mr. Mosseri has even fewer contacts to Texas than the defendant in *Epco Holdings*, as he never physically travelled to Texas for YES related business.

[3] *See* Declaration of Maurice Mosseri.

Thus, Mr. Mosseri should be dismissed from this matter because plaintiff cannot establish that the Court has specific personal jurisdiction over him.

## VI. CONCLUSION

Plaintiff does not have standing to prosecute the claims of a Company thus, the Court should dismiss plaintiff's complaint as amended. Alternatively, the Court should dismiss Mr. Mosseri from this matter for lack of personal jurisdiction because he does not possess the requisite minimum contacts to establish personal jurisdiction within Texas.

I certify that this memorandum contains 2442 words, in compliance with the Local Civil Rules.

DATED this 3rd day of September, 2026.

ROBERT MELAMED, ESQ.
Attorney for Defendants
(Admission *pro hac vice*)
1502 Kings Highway
Brooklyn, NY 11229
(718) 375-5078

**DECLARATION OF SERVICE**

I hereby declare that on this day I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the plaintiff listed below:

**Andrew J. Mitchell**
**LA Doc# 782047**
**1828 Gansville Road**
**Jonesboro Lousiana 71251**
**(Plaintiff *pro se*)**

DATED this 3rd day of September, 2026.

ROBERT MELAMED, ESQ.
Attorney for Defendants
(Admission *pro hac vice*)
1502 Kings Highway
Brooklyn, NY 11229
(718) 375-5078